UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Colorado Springs Division

CASE:

CARLOS G. BRITO, an Individual

    Plaintiff,

v.

LJH REAL ESTATE HOLDINGS,
LLC, a Colorado Limited Liability
Company d/b/a Carl's Jr. #8174

    Defendant.
_____/

## COMPLAINT

Plaintiff, CARLOS G. BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals ("Plaintiff"), sues Defendant, LJH REAL ESTATE HOLDINGS, LLC, a Colorado Limited Liability Company (sometimes referred to as "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.§ 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42

U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS G. BRITO, is an individual over eighteen years of age, residing and domiciled in El Paso County, Colorado, and is otherwise *sui juris*.

5. At all times material, Defendant, LJH REAL ESTATE HOLDINGS, LLC, was and is a Colorado Limited Liability Company, with its principal office street address at 4820 Rusina Rd St A, Colorado Springs, Colorado 80907.

6. At all times material, Defendant, LJH REAL ESTATE HOLDINGS, LLC, owned and operated a restaurant property located at 170 W. Fillmore Street, Colorado Springs, Colorado 80907 (hereinafter "Restaurant Property").

7. At all times material, Defendant, LJH REAL ESTATE HOLDINGS, LLC, owned and operated a restaurant business known as "Carl's Jr. #8174" located at 170 W. Fillmore Street, Colorado Springs, Colorado 80907 (hereinafter the "Restaurant Business").

8. Defendant's property and restaurant business, Carl's Jr. #8174 is located in Colorado Springs, Colorado.

9. Venue is properly located in the District of Colorado because Defendant's Restaurant Property and Restaurant Business is located in, and Defendant regularly conducts business within El Paso County, Colorado, and because a substantial part of the events or omissions giving rise to this claim occurred in El Paso County, Colorado.

## FACTUAL ALLEGATIONS

10. Although over twenty-five (25) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individual with disabilities.

11. Congress provided commercial businesses one and a half years to implement

the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Restaurant Property and Restaurant Business.

12. Plaintiff, CARLOS G. BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

13. Carl's Jr. #8174 is a restaurant located in Colorado Springs, Colorado. The individual Plaintiff visited the Restaurant Property and Restaurant Business on April 24th, 2017 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.

14. The Plaintiff visited the Restaurant Property and Restaurant Business as a patron/customer and intends to return to the property to avail himself of the goods and services offered to the public at the property; Plaintiff is domiciled in the same county as the Restaurant Property and Restaurant Business, has frequented the area and the Carl's Jr. #8174 restaurant location for pleasure purposes, and intends to return to the Restaurant Property and Restaurant Business within three (3) months of the filing of this Complaint.

15. Plaintiff found the Restaurant Property and Restaurant Business to be rife with ADA violations.

16. The Plaintiff encountered architectural barriers at the subject Restaurant Property and Restaurant Business, and wishes to continue his patronage and use of the premises

in the near future.

17. The barriers to access at Defendant's Restaurant Property and Restaurant Business have denied or diminished Plaintiff' ability to visit the Restaurant Property and Restaurant Business and have endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

18. Defendant owns, leases, leases to, or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns and operates is known or otherwise holds itself out to the public as the "Carl's Jr. #8174" located at 170 W. Fillmore Street, Colorado Springs, Colorado 80907.

19. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property as described in, but not necessarily limited to, the allegations in Paragraph 21 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Restaurant Property and Restaurant Business in violation of the ADA. Plaintiff desires to visit the property soon, not only to avail himself of the goods and services available at the property but to assure himself that the Restaurant Property and Restaurant Business is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Restaurant Property and Restaurant Business without fear of discrimination.

20. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations at the restaurant property, as prohibited by 42 U.S.C. § 12182, et seq.

21. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that the Plaintiff encountered during his stay at the Restaurant Property and Restaurant Business include, but are not limited to, the following:

**A. <u>Parking</u>**

1) Plaintiff could not safely access the store as the disabled spaces lack clear access aisles with ramps and level changes in the unloading areas violating ADAAG Section 4.6 and 2010 ADAS Section 502.

**B. <u>Entrance Access and Path of Travel</u>**

1) Plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present at the door. Violation: The path of travel contains excessive slopes in the maneuvering space for the door violating ADAAG Section 4.13 and Section 404 of the 2010 ADA Standards, resolution is readily achievable.

2) Plaintiff had difficulty on the path of travel due to abrupt changes in level greater than ½ inch, violating Section 4.3 of the ADAAG and 2010 ADAS Section 403, whose resolution is readily achievable.

3) Plaintiff had difficulty as the path of travel which is not continuously accessible. There is no accessible routes from the public sidewalks, bus stops to the building, violating ADAAG Section 4.3 and Section 206 of the 2010 ADAS.

**C. <u>Access to Goods and Services</u>**

1) There are protruding objects present throughout the facility, in violation of

Section 4.4 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

2) The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be accessible and usable by persons with disabilities, violating ADAAG Section 36.211 and the 2010 ADAS.

3) There is no compliant access to dining for the plaintiff at the facility in violation of ADAAG and 2010 ADAS requirements.

**D. Public Restrooms**

1) Plaintiff could not transfer as the water closet lacks transfer space and has improper grab bars in violation of ADAAG Section 4.17 and 2010 ADA Standards Sections 604. The flush control is on the wall side violating ADAAG Section 4.16 and 2010 ADA Standards Sections 604 and 309, resolution is readily achievable.

2) Plaintiff could not enter and exit the restroom as required maneuvering space is not provided and the door hardware is a knob type violating Section 4.13 of the ADAAG, and Section 404 whose resolution is readily achievable.

3) Plaintiff could not use the urinal which is mounted too high violating ADAAG Section 4.18 and 2010 ADA Standards Section 605, lowering readily achievable.

4) Plaintiff could not use the toilet paper dispenser which is mounted in an improper location and the door swings into the clear floor space of the paper

Page 6 of 10

towel dispenser violating ADAAG Sections 4.2, 4.17 and 4.27 as well as 2010 ADA Standards Sections 308, 309 and 604, resolution is readily achievable.

22. The discriminatory violations described in Paragraph 21 are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS G. BRITO, from further ingress, use, and equal enjoyment of the restaurant property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

23. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's building, business and facilities; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.

24. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25. Defendant has discriminated against the individual Plaintiff and all other individuals similarly situated, by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public

accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities are ones which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

28.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the Restaurant Property and Restaurant Business located at 170 W. Fillmore Street, Colorado Springs, Colorado 80907, their interiors and the common exterior areas of the property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facilities until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS G. BRITO, respectfully requests that this Honorable Court issue (i.) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

DATED:  September 15th, 2017.

        **GARCIA-MENOCAL, & PEREZ, P.L.**
*Attorneys for Plaintiff*
 4937 SW 74th Court, No. 3
 Miami, FL 33155
 Telephone:    (305) 553-3464
 Facsimile:   (305) 553-3031
 Primary E-Mail:  ajperezlaw@gmail.com
 Secondary E-Mails: agmlaw@bellsouth.net &
 mpomares@lawgmp.com

By: ___*/s/ Anthony J. Perez*_____
 ANTHONY J. PEREZ
 Florida Bar No.: 535451
 ALFREDO GARCIA-MENOCAL
 Florida Bar No.: 533610